Alma DAVIS, Appellant,

v.

**TRANSIT AUTHORITY OF RIVER CITY, Appellee.**

Court of Appeals of Kentucky.

May 23, 1986.

---

Henry K. Jarrett, III, Louisville, for appellant.

Allen Button, Louisville, for appellee.

Before GUDGEL, MILLER and WILHOIT, JJ.

MILLER, Judge.

Appellant, Alma Davis, brings this appeal from an order of the Jefferson Circuit Court dismissing her tort action for personal injuries against the Transit Authority of River City (TARC). On April 13, 1983, as a passenger on TARC's bus, she was jostled and fell. TARC refused to pay any benefits. She filed a claim with State Automobile Mutual Insurance Company, the no-fault carrier on her personal automobile, and received payments of $217.34 for medical expenses, and $1,147.50 for wage loss.

Alma's suit against TARC was dismissed because she did not meet the well-known threshold requirements of KRS 304.39–060(2)(b). Since TARC failed to provide her with no-fault benefits (security), Alma argues her rights are not limited by the act and the threshold has no application. She cites *Hanover Ins. Co. v. Blincoe,* Ky.App., 573 S.W.2d 930 (1978).

Governmental units are exempt from the act. See *Fann v. McGuffey,* Ky., 534 S.W.2d 770 (1975); 65 Ky. L.J. 466 (1976–77). They may comply if they choose. KRS 304.39.080 (4) and (6). It appears TARC has chosen not to comply. The question before us is whether Alma, as a passenger on a TARC bus, is in the same position as one negligently injured by an uninsured motorist. If so, she falls under the rule of *Hanover, supra,* and can maintain her suit without meeting the threshold requirements of KRS 304.39–060(2)(b). In *Hanover* it was held that a claimant injured by an uninsured motorist was not required to meet the threshold require-ments in asserting a claim under the uninsured motorist provision of his policy. We hold the same rule applies to Alma. We perceive no valid distinction between a claim against an uninsured motorist and one against a governmental entity which has lawfully chosen not to provide no-fault benefits. In either event, the injured party must look elsewhere for no-fault benefits. The trial court erred in dismissing appellant's complaint.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is reversed, and this cause is remanded for proceedings consistent with this opinion.

All concur.